UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRY LEE FREEZE,

      Plaintiff,

v.                                Case No:  2:18-cv-251-FtM-29MRM

DONALD SAWYER, Facility
Administrator, CHRISTOPHER
CATRON, Facility Security
Director, DOTTY RIDDLE,
Facility Grievance Examiner,
MIKE CARROLL, Secretary of
DCF, and KRISTEN KANNER,
Clinical Director - SVP
Program,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court upon initial review of the file.  Plaintiff Terry Freeze initiated this action by filing a *pro se* Complaint Form for FCCC Residents (Doc. #1, "Complaint"), which the Court construes as a Civil Rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff seeks to proceed *in forma pauperis* (Doc. #2).  For the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

## Background

Plaintiff is civilly committed to the Florida Civil Commitment Center ("FCCC") pursuant to the Sexual Violent

Predators Act, Fla. Stat. §§ 394.910-.913, by which a person determined to be a sexually violent predator is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large."   § 394.917(2).   The Complaint names: Donald Sawyer, Facility Administrator of the FCCC; Christopher Catron, Security Director of the FCCC; Dotty Riddle, Facility Grievance Director; and Mike Carroll, Secretary of Florida Department of Children and Family, as Defendants.   The Complaint alleges violations of the Eighth and Fourteenth Amendments to the U.S. Constitution and Universal Declaration of Human Rights.   Doc. #1 at 4.   In support, Plaintiff states that the FCCC implemented a policy that requires dormitory lighting to remain on from 7:15 a.m. until 10:00 p.m., which Plaintiff claims subjects him "to torture or to cruel, inhuman or degrading treatment or punishment."   Id. at 13. Plaintiff includes an August 14, 2017, Memorandum from Defendant Catron that was distributed to "All Residents" at the FCCC within his Complaint, which states:

> In an effort to increase the safety of all
> residents and staff and to improve the
> security in the dorms the facility will be
> implementing a change to the times the lights
> will be on in the dorms.   Effective
> immediately the lights will be turned on at
> 7:15 am and will remain on until 10:00 pm.

Id. at 6.   As relief, Plaintiff asks the Court to order the arrest

and conviction of each Defendant for terrorism and obstruction of justice, award Plaintiff $10,000 per day, and close the FCCC "for willfully terrorizing a citizen." Id. at 15.

## Legal Standard

Since Plaintiff seeks to proceed *in forma pauperis*, the Court is to review the complaint *sua sponte* to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Although Plaintiff is considered a non-prisoner due to his civil commitment status, he is still subject to § 1915(e)(2). See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (finding "no error in the district court's dismissal of [a non-prisoner's] complaint" under § 1915(e)(2)).

The standard that governs dismissals under Rule 12(b)(6) applies to dismissals under § 1915(e)(2)(B)(ii). Alba v. Montford, 517 F. 3d 1249, 1252 (11th Cir. 2008). However, *pro se* complaints are held to "less stringent standards" than those drafted and filed by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Under Rule 12(b)(6), a complaint is subject to dismissal if the claim alleged is not plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). All pleaded facts are deemed true for the purposes of Rule 12(b)(6), but a complaint is still insufficient without adequate facts. Id. The plaintiff must

assert enough facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The asserted facts must "raise a reasonable expectation that discovery will reveal evidence" in favor of the plaintiff's claim. Twombly, 550 U.S. at 556. Overall, "labels . . . conclusions, and a formulaic recitation of the elements of a cause of action" are not enough to meet the plausibility standard. Id. at 555. Ordinarily, a *pro se* litigant must be given an opportunity to amend his complaint. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004). However, if an amendment would be futile, the district court may deny leave to amend. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). The Court, nonetheless, must read a *pro se* plaintiff's complaint in a liberal fashion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

At the outset, Plaintiff cannot plead a cause of action under § 1983 for an alleged violation of the Universal Declaration of Human Rights because § 1983 only provides litigants with a cause of action based on "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The rights promulgated under the Universal Declaration of Human Rights ("UDHR") are not federal rights. See Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004). Consequently, Plaintiff cannot base a § 1983 action on an alleged violation of the UDHR. Moore

v. McLaughlin, 569 F. App'x 656, 659 (11th Cir. 2014).
Consequently, the Court will review the Complaint as brought
pursuant to the Fourteenth Amendment.

Further, because Plaintiff is civilly confined and not a
prisoner his rights emanate from the Fourteenth not Eighth
Amendment.  See Youngberg v. Romeo, 457 U.S. 307, 312 (1982).
Under the Fourteenth Amendment, an individual who has been civilly
committed has liberty interests that "require the state to provide
minimally adequate or reasonable training to ensure safety and
freedom from undue restraint."  Youngberg v. Romeo, 457 U.S. at
319.  Like pretrial detainees, FCCC residents are afforded a
higher standard of care than those who are criminally committed.
Id. at 321-22; Dolihite v. Maughon, 74 F.3d 1027, 1041 (11th Cir.
1996) ("[P]ersons subjected to involuntary civil commitment are
entitled to more considerate treatment and conditions of
confinement than criminals whose conditions of confinement are
designed to punish.").  In evaluating whether a condition or
restriction accompanying detention is violative of a civil
detainee's constitutionally protected rights, the Court considers
whether the condition amounts to punishment.  Bell v. Wolfish, 441
U.S. 520, 535 (1979).  Whether a condition is intended to punish
or merely is incidental to some other legitimate governmental
purpose turns on whether the restriction or condition "is
reasonable related to a legitimate goal-if it is arbitrary or

purposeless-a court permissibly may infer that the purpose of the governmental action is punishment." Id. at 639. In doing so, the Court must be mindful that matters of administration of a facility are better suited to administrators and not the courts. Id. at 532.

## Analysis

The gravamen of the Plaintiff's Complaint is that the FCCC's policy of keeping lights on in the residents' dormitories from 7:15 a.m. until 10:100 p.m. violates Plaintiff's Fourteenth Amendment rights. Plaintiff contends that this policy "inflicts 15 hours and 15 minutes of non-stop mental torture" in violation of the Constitution and Declaration of Human Rights. Id. at 14. The Complaint is otherwise devoid of any facts to support his conclusory allegations of "torture."[1]

Plaintiff acknowledges, and the August 2017 Memorandum expressly states, that the FCCC implemented the subject lighting policy for a specified period of each day "[i]n an effort to increase the safety of all residents and staff and to improve the security in the dorms." (Doc. #1 at 6). As noted *supra*, while Plaintiff as a civil detainee may not be subjected to conditions

_____

[1] Notably Plaintiff is not subjected to 24-hour continuous lighting and does not otherwise claim he is sleep deprived. Further, to the extent that Plaintiff desires to sleep during the limited period during which the lights are illuminated, there is nothing preventing Plaintiff for using a sleep mask or a towel to cover his eyes.

that amount to punishment, he may be subjected to conditions within the bounds of professional discretion that place restrictions on his personal freedoms. Youngberg, 457 U.S. at 321–22. The Supreme Court has recognized that the "interest in institutional security" and "internal security" is of "paramount" importance. Hudson v. Palmer, 468 U.S. 517, 528(1984). Implementing policies aimed at curtailing potentially violent conduct is an "obligation" incumbent upon administration at the FCCC. Washington v. Harper, 494 U.S. 210, 225 (1990)(emphasizing the state has not only an interest, but an obligation, to combat any danger posed by a person to himself or others, especially in an environment, which "by definition is made up of persons with a demonstrated proclivity for antisocial criminal, and often violent, conduct." (internal quotations and citations omitted)). Thus, the Court finds that the FCCC's lighting policy's stated goal of resident and staff safety and security are legitimate purposes.

Next, the Court finds that lighting is reasonably related to furthering the security interests professed by Mr. Catron. The Middle District of Alabama found that prisoners' "desire for more subdued lighting" was easily outweighed by "obvious security and safety" needs. Reeves v. Jones, No. 2:11-CV-1062-TMH, 2012 WL 1252686, at *1 (M.D. Ala. Mar. 20, 2012), report and recommendation adopted, No. 2:11CV1062-TMH, 2012 WL 1252644 (M.D. Ala. Apr. 13, 2012). Moreover, "continuous lighting has been held to be

permissible and reasonable in the face of legitimate penological justifications, like the need for security and the need to monitor prisoners." Fantone v. Herbik, 528 F. App'x 123, 127 (3d Cir. 2013) (citations omitted).

Plaintiff's preference for less, or no lighting, may make his confinement more comfortable, but a "detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during conferment does not convert the conditions or restrictions of detention into 'punishment'." Bell v. Wolfish, 441 U.S. at 537. Based upon the foregoing, the Court finds that Plaintiff has failed to state a claim under the Fourteenth Amendment.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Complaint (Doc. #1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk shall terminate any pending motions, enter judgment and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this ___17th___ day of December, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: Counsel of Record